## ORD et al. v. BURRASTON.

No. 3152.    Decided May 1, 1918.    (173 Pac. 132.)

1. PLEADING—REFERENCE TO EXHIBITS. A complaint in an action for breach of contract alleging that defendant "has neglected, failed, and refused to deliver to these plaintiffs certain water rights, as agreed in the said contract," is not uncertain as to the water rights referred to, where copy of contract sufficiently describing the water rights is attached to, and made a part of, complaint. (Page 204.)

2. WATERS AND WATER COURSES—BREACH OF CONTRACT TO CONVEY WATER RIGHTS—EVIDENCE—PRESUMPTION. In an action for breach of contract to convey water rights appurtenant to certain described land, evidence of the delivery of a deed conveying such land is sufficient evidence of compliance with the contract, where deed is not introduced in evidence, and there is no evidence as to any provisions therein regarding the water rights. (Page 205.)

3. WATER AND WATER COURSES—BREACH OF CONTRACT—MISREPRESENTATION. Where purchasers entered into a contract to purchase land with water rights appurtenant thereto, upon vendor's misrepresentation that one-third of the water flowing from certain springs was appurtenant to such land, purchasers cannot, in an action merely for breach of contract, recover damages for fraudulent representations. (Page 205.)

Appeal from District Court of Juab County, Fifth District; *Hon. Joshua Greenwood,* Judge.

Action by Samuel G. Ord and others against Richard J. Burraston.

Judgment for plaintiffs. Defendant appeals.

REVERSED and remanded for new trial.

*T. H. Burton* and *Cheney, Jenson & Holman* for appellant.

*J. H. McKnight* for respondents.

McCARTY, J.

This is an action to recover damages for an alleged breach of contract. The case was tried to a jury, who returned a verdict in favor of the plaintiffs for the sum of $1,390. To re-

verse the judgment rendered on the verdict the defendant prosecutes this appeal.

The contract, so far as material in determining the questions involved, is as follows:

"On or about the 15th day of July, A. D. 1910, Richard J. Burraston sold and agreed to convey by warranty deed to George McCune, Samuel G. Ord, and John L. Ellertson, for the sum of twelve thousand dollars, the following described lands and water rights situated in Juab county, state of Utah (describing the lands by reference to the U. S. government sections and subdivisions thereof, all of which land is in one parcel), containing 470 acres, more or less, together with all improvements thereon, appurtenances thereto, and all rights to the use of water appurtenant to said lands for irrigation and other purposes. Also thirty-five shares of the capital stock of Mono Irrigation Company, a corporation, represented by certificate No. 216.

"Said McCune, Ord, and Ellertson have paid to the said Burraston upon the purchase price of said lands and water rights the total sum of two thousand five hundred ($2,500.00) dollars, and there remains to be paid on said purchase price the sum of nine thousand and five hundred dollars, with interest thereon at the rate of six per cent. per annum from the 18th day of July, A. D. 1915.

"Said Burraston has executed a warranty deed under date of August 9, 1913, conveying said lands and water rights to said McCune, Ord, and Ellertson, and said deed is herewith inclosed.

"Said McCune, Ord, and Ellertson have executed their promissory note under date of July 15, 1913, payable to said Burraston in the sum of nine thousand five hundred dollars, with interest thereon at the rate of six per cent. per annum from its date, for the said balance of the purchase price of said premises, and said note is herewith inclosed.

"Said Burraston has also indorsed said certificate No. 216 for thirty-five shares of the capital stock of said Mona Irrigation Company over to said McCune, Ord, and Ellertson, and said certificate is herewith inclosed.

"All of the said parties mutually agree: (1) That Burraston shall, at his own cost and expense, furnish and deliver to said McCune, Ord, and Ellertson an abstract showing the title to said lands and water rights to be good, clear of incumbrances, and merchantable."

A copy of the contract is attached to and made a part of the complaint. It is alleged in the complaint that—

"by the terms of said contract the defendant agreed to sell and deliver to the said plaintiffs certain real estate described in said contract in writing; also certain water rights to forty acres of said land; also all appurtenances belonging to the said described real estate. That among other things was a hay derrick of the reasonable value of fifty dollars, and one pair of wagon scales of the reasonable value of $300.00, and certain tables and fixtures in the house and granary on said premises of the value of $50.00, all of which, by the terms of the agreement, passed to these plaintiffs.  *   *   *   That the defendant has failed, refused, and neglected to comply with the terms of said contract in the particulars as follows: (A) The said defendant fails, refuses, and neglects, and ever since the signing of the said contract have (has) neglected, failed, and refused, to deliver to these plaintiffs certain water rights to forty acres of land, as agreed in the said contract, which said water rights are of the reasonable value of $2,800.00, and the use of said water is of the reasonable value of $400.00 per year, of which these plaintiffs have been deprived during the years A. D. 1914 and A. D. 1915, to their damage in the sum of $800. (B) That said defendant has failed, refused, and neglected to deliver to these plaintiff's that certain hay derrick of the value of $50.00. (C) That defendant has failed, refused, and neglected to deliver to the said plaintiffs that certain set or pair of wagon scales of the value of $300.00, which at the time of the signing of said contract were appurtenant to the said real estate described in said contract. Exhibit A. (D) That defendant has removed from the place and premises furniture and fixtures which, at the time of the signing of said contract, were appurtenant to the real estate aforesaid. That, by reason of the failure of the said defend-

ant to perform the conditions of said contract as agreed, these plaintiff's have suffered damages, to their injury in the sum of $4,000.00.''

Defendant interposed a special demurrer to subdivision A of the complaint, alleging that:

''It is not shown by said subdivision   *   *   *   what the certain water rights are nor consist of, nor for what purpose or use of the same are claimed by plaintiffs, nor what particular forty acres of land said alleged water rights   *   *   * are applicable or are appurtenant to,   *   *   *   nor what use said water could have been applied to.''

The demurrer was overruled, and the order overruling the demurrer is assigned as error.

Counsel for defendant insist with much earnestness in their printed brief that the overruling of the special demurrer was error.

It will be seen by a careful reading of the contract, which is made a part of the complaint, that the land therein described is in one parcel. The water right that defendant agreed to convey with the land is described in the contract as ''all rights to the use of water appurtenant to said land for irrigation and other purposes.'' The alleged breach of the contract by defendant in failing to deliver to the plaintiffs the water right therein mentioned is pleaded in the complaint as follows:

''Defendant   *   *   *   has neglected, failed, and refused to deliver to these plaintiffs certain water rights to forty acres of land, as agreed in the said contract.''

While the complaint in that regard is not a model of good pleading it, nevertheless, is not vulnerable to a demurrer on the ground of uncertainty.

The verdict and the judgment entered thereon are assailed on the ground that they are not supported by evidence.

The contract, in general terms, specifies the water rights that were to be conveyed with the land, viz.: ''All rights to the use of water appurtenant to said lands.'' It will thus be observed that defendant obligated himself to deliver water rights only that were appurtenant to the land. It is recited

in the contract that "said Burraston has executed a warranty deed conveying said lands and water rights to said McCune, Ord, and Ellertson."

The evidence shows that the deed was delivered to, and accepted by, plaintiffs at the time they made the final payment on the purchase price of the property covered by the deed. The deed was not put in evidence. We are therefore not advised of the specific terms—language—used in the deed to describe the water rights conveyed. The contract, however, as we have pointed out, recites that defendant agrees to convey to plaintiff's "all rights to the use of water appurtenant" to the lands. The evidence, without conflict, shows that defendant complied with the terms of the contract in that regard.

Plaintiffs were permitted, over timely objections made by defendant, to introduce evidence tending to show that defendant represented to them that he was the owner of a third interest in a stream of water flowing from certain springs known as the Swazey springs, situated on or near the lands conveyed. The evidence, however, what there is on this point, tends to show that no part of the water from the Swazey springs is, or has been, appurtenant to any part of the land conveyed.

While plaintiffs may have a cause of action against defendant for damages, in connection with the cause of action alleged in the complaint, because of false and fraudulent representations, if any, made by him to them to the effect that one-third of the water flowing from the springs was appurtenant to the land conveyed, they cannot recover damages for such wrong on the issues presented by the pleadings as they are now framed. The cause of action pleaded in the complaint is for breach of contract only.

There is no evidence whatever tending to show that the hay derrick and the furniture mentioned in the complaint were fixtures and appurtenant to the land.

For the reasons stated, the cause is remanded, with directions to the trial court to set aside the judgment and to grant a

new trial, and to permit the parties to amend their pleadings should they be so advised. Appellant to recover costs.

FRICK, C. J., and CORFMAN, THURMAN, and GIDEON, JJ., concur.